Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine T. Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
465 South 400 East, Suite 200
Salt Lake City, Utah  84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

**IN RE:**

David Lee Wilson
Wendy Lynn Wilson

**Debtors**

**CASE: 24-22124**

**CHAPTER 13**

**Hon. PEGGY HUNT**

## TRUSTEE'S CONTINUING OBJECTION TO CONFIRMATION

The Standing Chapter 13 Trustee, hereby objects to confirmation based on the following unresolved issues:

**Restatement of Issues from Prior Objection(s):**

1.  The Debtor(s) have not filed an itemized, separate budget disclosing the income and expenses related to the operation of a business, as required by Fed. R. Bankr. P. 1007(b)(1).

2.  The Debtor(s) have listed a monthly mortgage payment on their budget.  The Debtors should provide proof that they are making post-petition monthly mortgage payments consistent with the budget, or they should increase the plan payment by the amount of the mortgage payment they are not making.

3.   The Trustee projects that the Debtor(s) direct payment(s) to satisfy retirement loan(s) (David's 2 401k), will end within 60-months. The Debtor(s) should provide the Trustee with evidence as to the loan balance(s) as of the petition date, and propose to increase the plan payment by the same amount as the loan repayment once such claims have been paid in full. See In re Kofford, Slip Copy, 2012 WL 6042861 (Bankr. D. Utah Dec. 4, 2012) (Thurman).

4.   The Debtor(s) are not complying with the disposable income requirements of § 1325(b). According to the Trustee's calculations on Form 22C, the Debtor(s) have Monthly Disposable Income higher than the amount on Line 45. In support of this objection, the Trustee argues the following Lines of the Form 22C claim an improper deductions under § 707(b)(2):

a.  Line No. 25 (deduction not supported by pay advices, need proof);
b.  Line No. 43 (need proof).

Counsel should carefully review Form 22C to verify that it is correct, file an amended Form 22C if appropriate, and/or file an amended plan that is consistent with Form 22C and that satisfies the disposable income test of § 1325(b).

5.   The Trustee requests an update at Confirmation regarding Wendy's employment status (has she found W-2 employment).

6. The plan is not feasible in that it is presently projected to require more than 60 months to make all payments required by the plan.

7. The following creditor objection(s) remain unresolved: REAL TIME RESOLUTIONS.

**Confirmation Issues Arising Since Last Filed Objection**

1. As of October 10, 2024 the Debtors are now $3,540.00 delinquent (3 MONTHS) for payments owing through September 2024.

2. The Trustee filed a motion to dismiss and the debtor has objected to such motion. The Trustee requests a ruling on the motion to dismiss.

THEREFORE, the Trustee has an ongoing objection to the confirmation.

Dated: October 10, 2024

<u>Tami Gadd</u>
Attorney for Chapter 13 Trustee

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Continuing Objection to Confirmation was served upon all persons entitled to receive notice in this case via ECF Notification or by U.S. Mail to the following parties on October 10, 2024:

JUSTIN O. BURTON, ECF Notification

<u>/s/ Stephanie Beals</u>